IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

NOVO NORDISK A/S AND NOVO NORDISK INC.,

   Plaintiffs,

v.

DTG II, PLC, D/B/A BEYONDMD,

   Defendant.

Case No. 1:24-cv-799

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

  This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

  It appearing that plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") filed their Complaint in this action on August 2, 2024, and that defendant DTG II, PLC, d/b/a beyondMD ("Defendant") waived service of the Complaint and, through counsel, appeared on August 19, 2024; and on February 10, 2025, filed an Answer and Affirmative Defenses; and

  It further appearing that the parties have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Final Judgment in connection with such resolution of this action; and

  The Court finding good cause therefor;

  NOW, THEREFORE, by stipulation and agreement of the parties, and with the express consent of counsel for plaintiffs and counsel for defendant, as indicated below, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over Defendant. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2.  Plaintiff Novo Nordisk's Complaint states causes of action against Defendant for trademark infringement, false advertising, and unfair competition in violation of sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), common law, and the Michigan Consumer Protection Act, M.C.L.A §§ 445.903, 445.911.

3.  Plaintiff Novo Nordisk has adopted and used, and has valid and enforceable rights in and to, the trademarks OZEMPIC and WEGOVY (the "Novo Nordisk Marks") for pharmaceutical products.

4.  The federal trademark registrations of plaintiff Novo Nordisk A/S for the Novo Nordisk Marks identified below are valid, subsisting, and enforceable:

| Mark | Reg. No. | Issue Date | Goods |
|---|---|---|---|
| OZEMPIC | 4,774,881 | July 21, 2015 | Pharmaceutical preparations (class 5) |
| WEGOVY | 6,585,492 | December 14, 2021 | Pharmaceutical preparations (class 5) |
| wegovy | 6,763,029 | June 21, 2022 | Pharmaceutical preparations (class 5) |

5.  Without the consent of plaintiff Novo Nordisk, Defendant has used, either directly or indirectly, one or more of the Novo Nordisk Marks in connection with the sale, marketing, promotion, and offering of compounded drug products containing semaglutide that have

not been approved by the U.S. Food & Drug Administration (the "FDA") and are not genuine Novo Nordisk FDA-approved products ("non-FDA approved Compounded Drugs").

6. Without the consent of plaintiff Novo Nordisk alleges that, Defendant has either directly or indirectly engaged in advertising, marketing, and/or promotion that falsely suggests that: (i) the non-FDA approved Compounded Drugs offered and sold by Defendant are genuine Novo Nordisk semaglutide-based medicines and/or are approved by the FDA; (ii) the non-FDA approved Compounded Drugs have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use (iii) Defendant, its affiliates, and/or the non-FDA approved Compounded Drugs are sponsored by, associated with, or affiliated with Novo Nordisk and/or Novo Nordisk's FDA approved semaglutide-based medicines; (iv) the non-FDA approved Compounded Drugs achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes; (v) the non-FDA approved Compounded Drugs achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's FDA-approved,-semaglutide-based medicines, and/or that the non-FDA approved Compounded Drugs are interchangeable with or equivalent to Novo Nordisk's semaglutide-based medicines; and/ or (vi) the non-FDA approved Compounded Drugs contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk product.

7. Novo Nordisk alleges that Defendant's actions as described above are likely to cause confusion, infringe Novo Nordisk's rights in the Novo Nordisk Marks, and violate Novo Nordisk's rights under the Lanham Act and state law.

8. Defendant, its officers, directors, shareholders, owners, agents, servants,

employees, and attorneys, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

    (a)    using the Novo Nordisk Marks in any manner, except as otherwise agreed by the Parties, including but not limited to (i) use in any manner that is likely to cause confusion or mistake, to deceive, or otherwise infringe Novo Nordisk's rights in the Novo Nordisk Marks in any way, or (ii) use in connection with the advertising, marketing, sale, or promotion of any non-FDA approved Compounded Drug except as otherwise agreed by the Parties; and,

    (b)    advertising, stating, or suggesting that any non-FDA approved Compounded Drugs, including but not limited to any non-FDA approved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

        (1)    are, or contain, genuine or authentic Novo Nordisk's OZEMPIC or WEGOVY medicines;

        (2)    are sponsored by or associated with Novo Nordisk;

        (3)    are approved by FDA; have been reviewed by the FDA for safety, effectiveness, or quality, or have been demonstrated to the FDA to be safe or effective for their intended use;

        (4) achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes, including but not limited to by relying on or making reference to clinical trial results for Novo Nordisk's semaglutide medicines or the FDA-approved status of Novo Nordisk's semaglutide medicines;

    (5) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines and/or are interchangeable with or equivalent to genuine Novo Nordisk medicines, including by relying on or making reference to clinical trial results for Novo Nordisk's semaglutide medicines or the FDA-approved status of Novo Nordisk's semaglutide medicines;

    (6) are associated or connected in any way with Novo Nordisk or Novo Nordisk's medicines,; or

    (7) contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine..

  9.  IT IS FURTHER ORDERED that, for a period of twelve (12) months from the date of entry of this Final Judgment, Defendant shall conspicuously and prominently disclose in any materials for any non-FDA approved Compounded Drugs, including but not limited to all advertising, marketing, and promotional materials, that: (a) the non-FDA approved Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved products containing semaglutide are available.

  10.  The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims, no award is included in this Final Judgment.

11. Judgment is hereby entered in favor of plaintiff Novo Nordisk as set forth above. All claims asserted in this action are hereby dismissed without prejudice, except that this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Final Judgment, and as otherwise provided herein.

12. In accordance with the Lanham Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Director of the Patent and Trademark Office of the entry of this Final Judgment, who shall enter it on the records of the Patent and Trademark Office.

13. This Final Judgment shall be deemed to have been served on Defendant, its officers, directors, shareholders, owners, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

**SO ORDERED,** this __10th__ day of _____March_____, 2025.

                                                      /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge

CONSENTED TO:

*Kimberley A. Parrish*

| | |
|---|---|
| BOWMAN & BROOKE LLP | FOLEY & LARDNER LLP |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| By: Jeffrey T. Gorcyca (P48867) | By: Jason Conti (P55617) |
| Kimberley A. Parrish (P87113) | 500 Woodward Avenue, Suite 2700 |
| 101 West Big Beaver Road, Suite 1100 | Detroit, Michigan 48226 |
| Troy, Michigan 48084 | (313) 234-7100 |
| (248) 205-3300 | jconti@foley.com |
| jeffrey.gorcyca@bowmanandbrooke.com | |
| kimberley.parrish@bowmanandbrooke.com | |